UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA AGHMANE,<br>    Plaintiff,<br>  v.<br>BANK OF AMERICA, N.A.,<br>    Defendant. | Case No. 13-cv-03698-DMR<br><br>**FINAL PRETRIAL ORDER** |

Following the pretrial conference held on January 17, 2018, the court sets forth its pretrial rulings below.

## I. STATEMENT OF THE CASE

The court will use the parties' stipulated Statement of the Case to describe this matter to the jury:

Plaintiff Salma Aghmane worked for Defendant Bank of America, N.A. Ms. Aghmane claims Bank of America made an untrue statement about her that caused injury to her and to her career. Bank of America claims that the statement it made about Ms. Aghmane was true and that it reasonably believed the statement was true when it made it.

## II. MOTIONS IN LIMINE

Should any party identify evidence that the party contends is admissible but implicates the court's rulings on the motions in limine, the party must raise the evidence at the earliest practicable opportunity so that the court may address admissibility outside the presence of the jury.

**Plaintiff's Motion in Limine 1,** exclude witnesses from the courtroom (Docket No. 169): granted as unopposed. Angela Cabrera, Defendant's designated corporate representative, may be present throughout trial.

**Plaintiff's Motion in Limine 2,** prohibit references to statutory trebling of damages (Docket No. 169): granted as unopposed.

**Plaintiff's Motion in Limine 3 (Docket No. 169) and Defendant's Motion in Limine 4 (Docket No. 166)**: granted. Neither party may elicit testimony about the lawfulness of Plaintiff's termination. The court will instruct the jury using the parties' stipulated limiting instruction:

"You will hear that Bank of America terminated Ms. Aghmane and you will hear evidence about the circumstances of her termination. For purposes of this trial, you must assume that the termination was lawful. The only issues that the jury will decide in this trial is Bank of America's actions when it made a representation about Ms. Aghmane after Ms. Aghmane's termination through a service called Early Warning Services, or EWS."

**Plaintiff's Motion in Limine 4,** prohibit defense witnesses from discussing the case/testimony with any individuals other than counsel from the date of the pretrial through the conclusion of trial (Docket No. 169): granted as unopposed.

**Plaintiff's Motion in Limine 5,** prohibit witnesses from consulting with defense counsel until after the conclusion of trial (Docket No. 169): granted in part, denied in part. Counsel may communicate with witnesses about their testimony and the case within the bounds of counsel's ethical obligations. However, counsel may not discuss a witness's testimony with that witness during breaks in the witness's testimony during a trial day, or overnight if the witness testifies until the end of the trial day and resumes testimony on the following morning. Counsel shall not discuss the content of a witness's testimony or anticipated testimony with any other witnesses.

**Plaintiff's Motion in Limine 6,** compel Defendant to produce unredacted versions of exhibits 3 and 5 (Docket No. 169): withdrawn. Parties shall include the updated exhibits in the exhibit binders.

**Defendant's Motion in Limine 1,** exclude evidence of other lawsuits, regulatory actions and/or consent judgments (Docket No. 162): granted. The court's ruling is without prejudice to Plaintiff seeking leave to introduce specific evidence of other lawsuits, regulatory actions, and/or consent judgments if she identifies evidence in this category that she contends is admissible.

**Defendant's Motion in Limine 2,** exclude evidence of media reports (Docket No. 163):

granted. The court's ruling is without prejudice to Plaintiff seeking leave to introduce specific evidence of media reports if she identifies evidence in this category that she contends is admissible.

**Defendant's Motion in Limine 3,** exclude out of court statements regarding Plaintiff's alleged authorization to access D.A.'s account (Docket No. 164): granted in part and denied in part. The evidence does not fall within any hearsay exception and cannot be admitted for its truth, i.e., that Plaintiff's cousin or second cousin authorized Plaintiff to access D.A.'s account and to make withdrawals and transactions from the account on her behalf. However, such statements can be offered for the non-hearsay purpose of showing Muth's and Defendant's state of mind, as well as the information they knew before they contacted EWS. The introduction of such statements through testimony or exhibits will be subject to the following limiting instruction:

"During this trial, you will hear about statements made by Plaintiff to Bank of America and its employees that Plaintiff's cousin had authorized her to access her account and to make transactions and withdrawals from the account on the cousin's behalf. You may consider those statements for the limited purpose of understanding what Bank of America knew about Plaintiff's explanation for why she had access to and made transactions and withdrawals from her cousin's account. You may not consider the statements as proof that the cousin had actually authorized Plaintiff to make transactions and withdrawals from the cousin's account."

**Defendant's Motion in Limine 5,** exclude references to "conclusive evidence of criminal wrongdoing" (Docket No. 176): denied, for the reasons stated on the record.

### III. EXHIBITS

The parties shall meet and confer about creating a non-duplicative master set of exhibits, and shall include updated versions of exhibits 3 and 5. The parties should not change the numbering of the exhibits, because the court has already ruled on the admissibility of certain numbered exhibits. The parties shall exchange any demonstrative exhibits by January 26, 2018.

**A. Objections to Plaintiff's Exhibits**

- **Exhibit 1, 3, 7, 8:** The objections are sustained in part and overruled in part. Exhibits 1, 3, 7, and 8 cannot be considered for their truth, but can be considered

3

for the limited purpose of understanding Muth's and Defendant's state of mind, and will subject to the limiting instruction consistent with the court's ruling on Defendant's motion in limine No. 3.

- **Exhibit 10:** The objection is sustained. Plaintiff will redact the remainder of BANA01000 and remove BANA01001.
- **Exhibit 15:** The objection is sustained part and overruled in part. Exhibit 15 can be offered for the limited purpose of understanding Plaintiff's state of mind and will be subject to the following limiting instruction: You may consider Exhibit 15 solely for the purpose of understanding Plaintiff's state of mind regarding receipt of a notification that she was ineligible for hire at Chase due to an EWS alert from Bank of America.
- **Exhibit 16:** The objection is overruled. Exhibit 16 is admissible as a business record under Rule 803(6).
- **Exhibit 18:** The objection to the statement that "Plaintiff was wrongfully terminated" is overruled. The statement can be offered for the limited purpose of understanding Plaintiff's state of mind at the time, and will be subject to the following limiting instruction: "You must assume that Plaintiff's termination is lawful, but you may consider Plaintiff's statement that she was wrongfully terminated for the limited purpose of understanding Plaintiff's state of mind at the time." Pursuant to the parties' agreement, Plaintiff's Exhibit 18 will be replaced by Defendant's Exhibit 35.
- **Exhibit 20:** At the pretrial hearing, Plaintiff substituted a version of the account terms and conditions. The court ordered Defendant to notify the court by January 24, 2018 whether the substituted exhibit is a true and correct copy of the terms and conditions in effect at the time of the events in question.
- **Exhibit 22:** The parties shall meet and confer on creating a master exhibit binder and eliminating duplicative exhibits.

### B. Objections to Defendant's Exhibits

- **Exhibit 29:** The objections are sustained without prejudice to Defendant seeking to use Exhibit 29 for impeachment purposes or if Plaintiff opens the door.
- **Exhibit 59:** The objections are sustained in part and denied in part. Defendant cannot introduce Exhibit 59 or testimony about it from a Cathay Bank witness, but can ask Plaintiff questions on cross-examination about what she put on her Cathay Bank application regarding her reason for leaving Bank of America pursuant to Rule 608(b)(1).

## IV. WITNESSES

**EWS:** Defendant may not call an EWS witness to testify on the topic of information reported to prospective employers. In order to preserve its right to call an EWS witness on the topic of the decommissioning of EWS, Defendant must provide Plaintiff with a declaration describing the details of the decommissioning as discussed in court. If Defendant does not provide such a declaration, it may not call an EWS witness on that subject. If it does provide such a declaration, Plaintiff may seek leave to take a deposition on that subject.

**Kathy Sowa:** by 1/19/18, Defendant shall inform Plaintiff if Sowa was involved in the decision to report Plaintiff to EWS, and whether she has reason to believe that Muth relied on information Sowa provided in making the decision to report Plaintiff to EWS.

**Janel Stewart and Shelley Smith:** the court defers consideration of Defendant's objections to these two witnesses pending trial evidence.

## V. PROPOSED VOIR DIRE

Plaintiff objected to use of the word "hacking." The objection is sustained. The parties may inquire whether any prospective juror has had someone access a bank account without authorization.

## VI. JURY INSTRUCTIONS

At the pretrial conference, the court provided rulings on a number of key jury instructions in order to aid the parties' trial preparation, but explained that it intends to formally rule on all

5

substantive jury instructions at the February 9, 2018 charging conference.

**IT IS SO ORDERED.**

Dated: January 25, 2018



Donna M. Ryu
United States Magistrate Judge