1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    SALMA AGHMANE,                    Case No.  13-cv-03698-DMR

8              Plaintiff,
                                       **FINAL JURY INSTRUCTIONS**
9        v.

10   BANK OF AMERICA, N.A.,,

11             Defendant.

12

United States District Court
Northern District of California

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything the court may have said or done, any suggestion as to what verdict you should return— that is a matter entirely up to you.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness; (2) the exhibits which have been received into evidence; (3) any facts to which the lawyers have agreed or stipulated; and (4) any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered for any purpose. In addition, sometimes evidence is received only for a limited purpose; when I have given a limiting instruction, you must follow it and consider it only for that limited purpose and not for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FACTS YOU MUST ACCEPT AS PROVEN**

For purposes of this trial, you must assume that Salma Aghmane's termination was lawful. The only issues that the jury will decide in this trial are Bank of America's actions when it made a representation about Ms. Aghmane after Ms. Aghmane's termination through a service called Early Warning Services, or EWS.

You must also accept the following facts as proven. EWS maintained a database known as the "Internal Fraud Prevention System" or "IFPS." EWS decommissioned the IFPS database in 2016. The database was no longer active or available to participating banks after December 30, 2016. After December 30, 2016, a participating financial institution could not inquire into the IFPS service about a job applicant, and it would not be able to access or obtain any record that the applicant had ever been reported to IFPS. The only information that EWS has maintained from the IFPS database is information that it is required to maintain for Fair Credit Reporting Act and other regulatory purposes. Any such information is not available to financial institutions that participate in EWS and which previously were able to submit inquiries.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.  The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness has made statements that are consistent or inconsistent with those admitted into evidence may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**EXPERT OPINION**

You have heard testimony from Phillip H. Allman and Terry Lloyd, who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

1

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2   Certain charts and summaries not admitted into evidence have been shown to you in order

3 to help explain the contents of books, records, documents, or other evidence in the case.  Charts

4 and summaries are only as good as the underlying evidence that supports them.  You should,

5 therefore, give them only such weight as you think the underlying evidence deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

United States District Court
Northern District of California

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

Except where I instruct you otherwise, a party must prove facts by a "preponderance of the evidence." This means that the party must persuade you that the fact is more likely to be true than not true. The instructions will tell you which party bears the burden of proof for particular facts.

After weighing all of the evidence presented in court, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

A few facts in this case must be proven by clear and convincing evidence, which is a higher burden of proof than proving facts by a preponderance of the evidence.  If a fact must be proven by clear and convincing evidence, the party must persuade you that it is highly probable that the fact is true.   The only facts in this trial that must be proved by clear and convincing evidence are related to Ms. Aghmane's claim for punitive damages.  Those facts are described below in the jury instruction regarding punitive damages.  All other facts in this case must be proven by a preponderance of the evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CLAIMS AND DEFENSES**

Plaintiff Salma Aghmane worked for Defendant Bank of America, N.A.  Ms. Aghmane claims Bank of America made an untrue statement about her that caused injury to her and to her career.  Bank of America claims that the statement it made about Ms. Aghmane was true and that it reasonably believed the statement was true when it made it.

Ms. Aghmane has four legal claims against Bank of America.  You must consider each of these four legal claims separately.  Claim One is for defamation.  Claim Two is for preventing subsequent employment by misrepresentation, or "blacklisting."  Claim Three is for intentional infliction of emotional distress.  Claim Four is for negligent infliction of emotional distress.

**THE STATEMENT OR REPRESENTATION AT ISSUE IN THIS CASE**

For Claim One (defamation) and Claim Two (blacklisting), Ms. Aghmane must prove that in reporting her name to EWS, Bank of America made a statement or representation to EWS that Bank of America had conclusive evidence of criminal wrongdoing by Ms. Aghmane, or that it had a written or oral admission of criminal wrongdoing by Ms. Aghmane.  These jury instructions refer to this as "the statement" or "the representation."  These terms refer to the same thing, and you should treat the two terms as interchangeable.  For purposes of Ms. Aghmane's claims, Bank of America "made" the statement or representation to EWS if Bank of America communicated it to EWS through spoken or written words or through electronically transmitted data.

1

**COMMON INTEREST PRIVILEGE—MALICE**

2   As an initial matter, Ms. Aghmane cannot recover damages from Bank of America for any

3   of the four legal claims unless she proves that Bank of America acted with malice.

4   Ms. Aghmane may prove malice by providing circumstantial evidence that Bank of

5   America lacked reasonable grounds for belief in the truth of the statement or representation and

6   therefore acted in reckless disregard of Ms. Aghmane's rights.

7   Ms. Aghmane may prove that Bank of America acted in reckless disregard of her rights in

8   several ways.  To prove malice, Ms. Aghmane must establish at least one of the following:

9   That in making the statement or representation, Bank of America either did not believe it to

10   be true *or* unreasonably believed it to be true; *or*

11   That Bank of America's failure to investigate the truthfulness of the statement or

12   representation was a product of a deliberate decision not to acquire knowledge of facts that

13   might confirm the probable falsity of the statement or representation, *or* the investigation

14   was grossly inadequate under the circumstances.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLAIM ONE: DEFAMATION**

Salma Aghmane claims that Bank of America harmed her by representing to EWS that it had "conclusive evidence of criminal wrongdoing" by Ms. Aghmane, or that it had a written or oral admission of criminal wrongdoing by Ms. Aghmane.

To establish this claim, Ms. Aghmane must prove all of the following:

1.  That Bank of America made the statement to EWS;

2.  That EWS reasonably understood that the statement was about Ms. Aghmane;

3.  That EWS reasonably understood the statement to mean that Bank of America had conclusive evidence that Ms. Aghmane had committed a crime, or that it had a written or oral admission by Ms. Aghmane that she had committed a crime;

4.  That Bank of America failed to use reasonable care to determine the truth or falsity of the statement.

1

**AFFIRMATIVE DEFENSE OF TRUTH**

2

Bank of America cannot be held liable for defamation if Bank of America proves that the

3

statement about Ms. Aghmane (i.e., that Bank of America had conclusive evidence of criminal

4

wrongdoing by Ms. Aghmane, or that Bank of America had a written or oral admission of criminal

5

wrongdoing by Ms. Aghmane) was true.  Bank of America does not have to prove that the

6

statement was true in every detail, so long as it proves that the statement was substantially true.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CLAIM TWO: BLACKLISTING**

Salma Aghmane claims that Bank of America made a false representation to EWS which it knew or had reason to know would prevent Ms. Aghmane from obtaining employment at any EWS-participating bank.

To establish this claim, Ms. Aghmane must prove all of the following:

1.  That after Ms. Aghmane's employment with Bank of America ended, Bank of America made a representation to EWS that Bank of America had conclusive evidence of criminal wrongdoing by Ms. Aghmane or that it had a written or oral admission of criminal wrongdoing by Ms. Aghmane;

2.  That Bank of America's representation was not true;

3.  That Bank of America knew the representation was not true when it made it;

4.  That Bank of America made the representation in order to prevent Ms. Aghmane from obtaining employment;

5.  That Ms. Aghmane was harmed; and

6.  That Bank of America's conduct was a substantial factor in causing Ms. Aghmane's harm.

**CLAIM THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Salma Aghmane claims that Bank of America's conduct caused her to suffer severe emotional distress.  To establish this claim, Salma Aghmane must prove all of the following:

1.      That Bank of America's conduct was outrageous;

2.      That Bank of America intended to cause Salma Aghmane emotional distress;

3.      That Salma Aghmane suffered severe emotional distress; and

4.      That Bank of America's conduct was a substantial factor in causing Ms. Aghmane's severe emotional distress.

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community.  Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.  In deciding whether Bank of America's conduct was outrageous, you may consider, among other factors, the following: (a) whether Bank of America abused a position of authority or a relationship that gave it real or apparent power to affect Ms. Aghmane's interests; (b) whether Bank of America knew that Ms. Aghmane was particularly vulnerable to emotional distress; and (c) whether Bank of America knew its conduct would likely result in harm due to mental distress.

Bank of America acted intentionally if it intended to cause Salma Aghmane emotional distress or if it was substantially certain that Ms. Aghmane's emotional distress would result from its conduct.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

In order to prove her intentional infliction of emotional distress claim, Salma Aghmane must prove that she suffered severe emotional distress.  "Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  Ms. Aghmane is not required to prove physical injury to recover damages for severe emotional distress.

United States District Court
Northern District of California

United States District Court
Northern District of California

## CLAIM FOUR: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Salma Aghmane claims that Bank of America's conduct caused her to suffer serious emotional distress.  To establish this claim, Salma Aghmane must prove all of the following:

1.  That Bank of America was negligent;

2.  That Salma Aghmane suffered serious emotional distress; and

3.  That Bank of America's negligence was a substantial factor in causing Salma Aghmane's serious emotional distress.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Bank of America's situation.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

In order to prove her negligent infliction of emotional distress claim, Ms. Aghmane must prove that she suffered serious emotional distress.  "Serious emotional distress" exists if an ordinary, reasonable person would be unable to cope with it.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Salma Aghmane on any of her four legal claims, you must determine her compensatory damages.  Ms. Aghmane has the burden of proving compensatory damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Ms. Aghmane for any injury you find was caused by Bank of America.

It is for you to determine what damages, if any, have been proved.

The amount of compensatory damages must include an award for each item of harm that was caused by Bank of America's wrongful conduct, even if the particular harm could not have been anticipated.

Ms. Aghmane does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

1

## DAMAGES ON MULTIPLE LEGAL THEORIES

Salma Aghmane seeks damages from Bank of America under more than one legal theory, each of which have available categories of damages.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Bank of America is liable to Ms. Aghmane under the following legal theories, which allow for recovery of the listed items of damages:

1.   Defamation:

- Past lost earnings;
- Future lost earnings and earning capacity;
- Past and future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; and
- Assumed damages, which are defined further below

2.   Blacklisting:

- Past lost earnings;
- Future lost earnings and earning capacity; and
- Past and future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress.

3.   Intentional Infliction of Emotional Distress:

- Past and future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress.

4.   Negligent Infliction of Emotional Distress:

- Past and future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress.

These items of damages are recoverable only once under all of the above legal theories.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### ECONOMIC AND NONECONOMIC DAMAGES

The compensatory damages claimed by Salma Aghmane for the harm caused by Bank of America fall into two categories called economic damages and noneconomic damages.  You will be asked on the verdict form to state the two categories of damages separately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## ITEMS OF ECONOMIC DAMAGE

The following are the specific items of economic damages claimed by Salma Aghmane:

1.      Past Lost Earnings; and

2.      Future Lost Earnings and Earning Capacity.

**PAST LOST EARNINGS**

To recover damages for past lost earnings, Salma Aghmane must prove the amount of earnings that she has lost to date.

United States District Court
Northern District of California

## DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS

Salma Aghmane is not entitled to recover damages for economic losses that Bank of America proves she could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1.      Determine the amount Ms. Aghmane would have earned through February 1, 2018; and

2.      Subtract the amount Ms. Aghmane earned at her employment at Cathay Bank through February 1, 2018.

The resulting amount is Ms. Aghmane's damages for past lost earnings.

**PREJUDGMENT INTEREST**

If you decide that Salma Aghmane is entitled to recover damages for past lost earnings, then you must decide whether she should also receive prejudgment interest on past lost earnings. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds.  If prejudgment interest is awarded, it is computed from the date on which the loss was incurred until the date on which you sign your verdict.

Whether Ms. Aghmane should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion.  If you award these damages to Ms. Aghmane, you will be asked to address prejudgment interest in the special verdict form.

The jury does not select the interest rate, which is 7% interest per year as a matter of law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## FUTURE LOST EARNINGS

To recover damages for future lost earnings, Salma Aghmane must prove the amount of earnings she will be reasonably certain to lose in the future as a result of the injury caused by the alleged statement.

If you decide Salma Aghmane has suffered damages that will continue for the rest of her working life, you must determine how long she will probably continue working.  In deciding a person's work life expectancy, you should also consider, among other factors, that person's education and occupation.

**LOST EARNING CAPACITY**

In considering whether Salma Aghmane is entitled to future lost earnings, you may consider her lost earning capacity.  To recover damages for the loss of the ability to earn money as a result of the injury caused by the alleged misrepresentation, Ms. Aghmane must prove (1) that it is reasonably certain that the injury that Ms. Aghmane sustained will cause her to earn less money in the future than she otherwise could have earned; and (2) the reasonable value of that loss to her.

In determining the reasonable value of the loss, compare what it is reasonably probable that Ms. Aghmane could have earned without the injury to what she can still earn with the injury. Consider the career choices that Ms. Aghmane would have had a reasonable probability of achieving.  It is not necessary that she have a work history.

1

## PRESENT CASH VALUE

2        If you decide that Salma Aghmane's harm includes future economic damages for loss of

3  earnings and lost earning capacity, then the amount of those future damages must be reduced to

4  their present cash value.  This is necessary because money received now will, through investment,

5  grow to a larger amount in the future.  Bank of America must prove the amount by which future

6  damages should be reduced to present value.

7        To find present cash value, you must determine the amount of money that, if reasonably

8  invested today, will provide Ms. Aghmane with the amount of her future damages.

9        You may consider expert testimony in determining the present cash value of future

10  economic damages.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### ITEMS OF NONECONOMIC DAMAGE

The following are the specific items of noneconomic damages claimed by Salma Aghmane:

1. Past and future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress.

2. Assumed damages, as defined further below (available only if you find Bank of America liable for defamation).

1

**MENTAL SUFFERING AND EMOTIONAL DISTRESS**

2   If you find for Salma Aghmane on any of her claims, you may award damages for past and

3   future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress.

4   No fixed standard exists for deciding the amount of these noneconomic damages. You

5   must use your judgment to decide a reasonable amount based on the evidence and your common

6   sense.

7   To recover for future mental suffering, inconvenience, grief, anxiety, humiliation, and

8   emotional distress, Ms. Aghmane must prove that she is reasonably certain to suffer that harm.

9   For future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional

10   distress, determine the amount in current dollars paid at the time of judgment that will compensate

11   Ms. Aghmane for future mental suffering, inconvenience, grief, anxiety, humiliation, and

12   emotional distress.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ASSUMED DAMAGES FOR DEFAMATION**

If you find for Salma Aghmane on her defamation claim, you may award actual and/or assumed damages.

If Ms. Aghmane has not proved any actual damages for past and future mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress, the law assumes that she has suffered this harm, and Ms. Aghmane is entitled to receive compensation for this assumed harm in whatever sum you believe is reasonable.  You must award at least a nominal sum, such as one dollar.

United States District Court
Northern District of California

United States District Court
Northern District of California

**PUNITIVE DAMAGES—ENTITY DEFENDANT**

In addition to compensatory damages, Salma Aghmane is also seeking punitive damages. If you decide that Bank of America's conduct caused Salma Aghmane harm, you must decide whether that conduct justifies an award of punitive damages.  The amount, if any, of punitive damages will be decided later.

At this time, you must decide whether Ms. Aghmane has proved that Bank of America engaged in that conduct with malice, oppression, or fraud.  To do this, Ms. Aghmane must prove the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Bank of America who acted on behalf of Bank of America; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Bank of America; or

3. That one or more officers, directors, or managing agents of Bank of America knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

As used here, "malice" means something different from how I have used that word in the other instruction I have given about malice.  For purposes of punitive damages only, "malice" means that Bank of America acted with intent to cause injury or that Bank of America's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Bank of America's conduct was despicable and subjected Ms. Aghmane to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Bank of America intentionally misrepresented or concealed a material fact and did so intending to harm Ms. Aghmane.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

If you decide that Ms. Aghmane has not proved that Bank of America engaged in that conduct with malice, oppression, or fraud, you must not include in any compensatory damages award any damages to punish or make an example of Bank of America. Such damages would be punitive damages, and they cannot be a part of your verdict. If you decide that Ms. Aghmane has not proved that she is entitled to punitive damages, you must award only compensatory damages, which are damages that fairly compensate Salma Aghmane for her loss.

1

**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

2

The arguments of the attorneys are not evidence of damages. Your award must be based on

3

your reasoned judgment applied to the testimony of the witnesses and the other evidence that has

4

been admitted during trial.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURORS NOT TO CONSIDER ATTORNEYS' FEES, COSTS OR INSURANCE**

You must not consider, or include as part of any award, attorneys' fees or expenses that the parties incurred in bringing or defending this lawsuit.

You also must not consider whether any of the parties in this case has insurance.  The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.

**BIAS**

Each one of us has biases about or certain perceptions or stereotypes of other people.  We may be aware of some of our biases, though we may not share them with others.  We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone.  Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case.  You must not let bias, prejudice, or public opinion influence your decision.  You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status, or corporate status.

Your verdict must be based solely on the evidence presented.  You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

**USE OF NOTES**

Some of you may have taken notes during trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.

United States District Court
Northern District of California

1

**DUTY TO DELIBERATE**

2     When you begin your deliberations, you should elect one member of the jury as your

3    presiding juror.  That person will preside over the deliberations and speak for you here in court.

4    You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your

5    verdict must be unanimous.

6     Each of you must decide the case for yourself, but you should do so only after you have

7    considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8    your fellow jurors.

9     Do not hesitate to change your opinion if the discussion persuades you that you should.

10   Do not come to a decision simply because other jurors think it is right.

11    It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12   you can do so after having made your own conscientious decision.  Do not change an honest belief

13   about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: February 11, 2018



Donna M. Ryu
United States Magistrate Judge